THOMAS, J.
 

 Appellant appeals the trial court’s order finding that Appellant’s insurance policy provided insufficient coverage for its loss. Appellee cross-appeals, contending the trial court erred by finding an ambiguity in the insurance policy; thus, the theft exclusion relied upon by Appellee did not preclude coverage for Appellant’s loss. We reverse the trial court as to the issue on appeal. We affirm the issue on cross-appeal without further comment.
 

 Appellant operates a construction supply business with locations in Orange Park and St. Augustine. Appellee issued a commercial property insurance policy covering both locations. The Policy Declarations provided that coverage for loss by theft was excluded for the Orange Park location, but was included for the St. Augustine location. The policy provided various types of coverage for the premises and “business personal property” (which included stock/inventory). It also included various provisions for extending coverage for up to 80 days for “newly acquired” property and “property off-premises.”
 

 Subsequently, Appellant entered into an agreement to lease another warehouse facility in the same business park in which its Orange Park premises was located. Although the new lease provided that Appellant would take possession of the premises on November 1, 2007, Appellant obtained permission to do so two weeks early to accommodate a large shipment of inventory due to arrive around that time. The shipment was stored in the newly leased warehouse; two weeks later, approximately $19,000 of inventory was stolen during a burglary. Appellant filed a claim with Ap-pellee, which was denied on the grounds that the loss was excluded from coverage because it occurred as a result of theft. Appellant filed a declaratory judgment action, and both parties moved for summary judgment.
 

 In support of its motion, Appellant argued that it was entitled to coverage pursuant to the following policy provision:
 

 
 *1003
 
 (a)If this policy covers Your Business Personal Property, you may extend that insurance to apply to:
 

 (i) Business personal property, including such property that you newly acquire, at any location you acquire other than at fairs, trade shows or exhibitions.
 

 Appellant also argued that the theft exclusion applied only to the Orange Park property address listed on the Declarations, the loss did not occur at that location, and nothing in either the policy or Declarations indicates that the exclusion applied to newly acquired property stored in a different location. Thus, because there was an ambiguity in the policy, it must be read in favor of Appellant as the insured.
 

 In support of its motion, Appellee cited to a policy provision concerning newly-leased off-premises property:
 

 d. Property Off-Premises
 

 (1) You may extend the insurance proved ... to apply to your Covered Property while it is away from the described premises, if it is:
 

 (a) Temporarily at a location you do not own, lease, or operate;
 

 (b) In storage at a location you lease, provided the lease was executed after the beginning of the current policy term; or
 

 (c) At any fair, trade show or exhibition.
 

 This provision provides for a maximum of $10,000 in coverage. Appellee argued that the theft exclusion for the Orange Park location applied to Appellant’s newly-leased premises located in the same business park.
 

 The trial court, relying on the provision cited by Appellee, found that, although the theft did not occur at either address specified in the Policy Declarations, “the Policy extends coverage beyond those locations. Specifically, the Policy extends coverage up to a maximum of $10,000.00, to ‘covered property while it is away from the described premises if it is ... in storage at a location you lease provided the lease was executed after the beginning of the current policy term.’ ”
 

 Based on these findings, the trial court granted Appellant’s motion for summary judgment, and denied Appellee’s motion. This appeal and cross-appeal followed.
 

 We review
 
 de novo
 
 the trial court’s interpretation of the insurance policy contract.
 
 First Professionals Ins. Co., Inc. v. McKinney,
 
 973 So.2d 510, 513-14 (Fla. 1st DCA 2007).
 

 When read
 
 in pari materia,
 
 the “Off-Premises” clause applies to temporary storage situations, such as those involving property that had been located in a site described in the policy, but moved off-site for storage, or where covered property is transported to a fair, trade show, or exhibition. Here, however, the stolen property was not “away from the described premises.” Rather, it was in a shipment of new inventory housed in the newly-leased warehouse.
 

 The Newly Acquired Property section of the policy provides for a less transient situation than that contemplated by the Off-Premises provision. We agree with Appellant that clause a.(2)(a)(i) applies here.
 
 [1]
 
 Although somewhat poorly drafted, this subsection provides coverage for business personal property located at a “newly acquired location,” so long as it is not at a fair, trade show, or exhibition (i.e., it is not
 
 *1004
 
 a temporary situation covered by the Off-Premises provision). In addition, it covers business personal property that is newly acquired.
 

 This provision more closely fits what happened here, where Appellant acquired a new warehouse to store its new inventory. This is not the type of temporary storage scenario addressed in the Off-Premises clause; thus, the trial court should not have applied the Off-Premises section of the policy in reaching its correct conclusion that the policy provided theft coverage for Appellant’s loss of business personal property.
 

 For the foregoing reasons, we find that the trial court erred by applying the incorrect policy provision in correctly finding the insurance policy covered Appellant’s loss. Thus, we AFFIRM the trial court’s denial of Appellee’s motion for summary judgment, and REVERSE the trial court’s order to the extent it relied on the incorrect policy provision in correctly finding the policy provided coverage for Appellant’s loss.
 

 AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
 

 PADOVANO and LEWIS, JJ., concur.
 

 [1]
 

 . This provision affords $100,000 in coverage, compared to the $10,000 afforded by the provision the trial court applied.